UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



JOE L. DeLEON,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.

_____/

CASE NO. 2:18-cv-10684

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING PETITIONER'S MOTION FOR A STAY [ECF NO. 1] AND DISMISSING HIS LAWSUIT

State prisoner Joe L. DeLeon was convicted of criminal sexual conduct ("CSC") in state court and is serving a lengthy sentence. On February 26, 2018, he commenced this action by filing a motion for a stay and abeyance. He asks the Court to hold this federal proceeding in abeyance while he pursues post-conviction remedies in state court. He has not filed a petition for the writ of habeas corpus in this Court, and because the Court has no jurisdiction to decide a motion for a stay in the absence of a properly filed petition, the Court will deny Petitioner's motion and dismiss this action.

### I. Background

Petitioner does not mention the nature of his convictions in his motion for a stay, but he did provide the Court with information about his direct appeal in state court. On the basis of that information, the Court has learned that Petitioner was convicted, following a jury trial, of first-degree CSC and second-degree CSC. *See People v. DeLeon*, 317 Mich. App. 714, 717 (2016). The trial court sentenced Petitioner to prison

for thirty-five to seventy years for the first-degree CSC conviction and to a consecutive prison term of twenty to thirty years for the second-degree CSC conviction. *See id.*

On direct appeal, Petitioner argued that (1) the prosecution failed to introduce sufficient evidence to support his conviction for second-degree CSC, and (2) the trial court violated his Sixth Amendment rights when it relied on judicial fact-finding to impose consecutive sentencing. *See id.* at 719, 721. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions and sentences. *See id.* at 717, 726. On May 31, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. DeLeon*, 500 Mich. 1002 (2017).

As noted above, Petitioner filed his motion for a stay in this Court on February 26, 2018. He does not list any grounds for habeas relief in his motion, but he has indicated that he wants to raise the following three issues in state court: (1) he has new reliable evidence concerning his innocence; (2) trial counsel was ineffective for failing to investigate and discover this evidence; and (3) appellate counsel was ineffective for failing to investigate the new evidence and locate exculpatory witnesses. Petitioner seeks a stay of this federal action while he exhausts state remedies for these three claims regarding new evidence of actual innocence and his trial and appellate attorneys.

## II. Discussion

The proper way to commence a civil action in federal court is to file a complaint with the court. Fed. R. Civ. P. 3. The Federal Rules of Civil Procedure apply to habeas suits unless they are inconsistent with the Habeas Corpus Rules, and "[n]othing in the Habeas Corpus Rules contradicts Rule 3." *Woodford v. Garceau*, 538 U.S. 202, 208

(2003). "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Id.*

A habeas petition must "allege the facts concerning the applicant's commitment or detention." 28 U.S.C. § 2242, ¶ 2. The petition also must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground; [and]

(3) state the relief requested[.]

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Additionally, "[t]he petition must substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule." Rule 2(d).

Although Petitioner's motion for a stay was treated as a new habeas suit under 28 U.S.C. § 2254 when it was filed, the motion was not submitted on a form like the one appended to the Rules Governing Section 2254 Cases and used in this District. The motion also does not appear to list all the claims and supporting facts that Petitioner seeks to have the Court eventually address, and it does not attack the fact or duration of confinement, which is "the core of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). For these reasons, Petitioner's motion is not sufficient to commence a case, and it is not an adequate substitute for a habeas petition.

Furthermore,

> Article III of the U.S. Constitution empowers federal courts to hear "Cases" or "Controversies," nothing more. U.S. Const. art. III, § 2; *see Lexmark Int'l, Inc. v. Static Control Components, Inc.*, –– U.S. ––, 134 S.Ct. 1377, 1386, 188 L.Ed.2d 392 (2014). And "no justiciable 'controversy' exists when parties ... ask for an advisory opinion." *Massachusetts v. EPA*, 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007). This prohibition covers a party's—in truth a non-litigant's—request for an "opinion[ ] advising what the law would be upon a hypothetical state of facts." *Chafin v. Chafin*, –– U.S. ––, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013) (quotation omitted).

*United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016).

"[N]o case or controversy generally exists before an actual § 2254 petition is filed." *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) (citing *Barden v. Keohane*, 921 F.2d 476, 477 n. 1 (3d Cir. 1990) ("[J]urisdiction over a petition for a writ of habeas corpus is determined when the petition is filed.") (citing *Ross v. Mebane*, 536 F.2d 1199 (7th Cir. 1976)). Petitioner's motion is comparable to a request for an advisory opinion on whether he could obtain a stay for a petition not yet in existence and one that may never come into existence. *Cf. Asakevich*, 810 F.3d at 420 (concluding that a federal inmate's motion for an extension of time to file a motion under 28 U.S.C. § 2255 constituted a request for an advisory opinion on whether he could obtain an extension of time to file a motion not yet in existence). The Court has no license to provide such advice – to say that a stay would be granted and the habeas petition accepted if Petitioner chose to file one. *See id.* Stated differently, federal courts do not "offer advisory opinions about what they might do *if* an action were filed." *Id.* (emphasis in original).

4

## III. Conclusion

There currently is no habeas petition that the Court can stay, and Petitioner's motion for a stay is not an adequate substitute for a habeas petition. Further, the Court has no authority to render an advisory opinion on whether it would stay a habeas petition if one were filed. Accordingly, the Court denies Petitioner's motion for a stay (ECF No. 1) and dismisses this action without prejudice.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Date: APR 09 2018

5